UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNIE MORRIS STEWART JR.,

    Plaintiff,

v.                                                       Case No. 8:23-cv-02361-AEP

MICHELLE KING,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the decision by the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is AFFIRMED.

**I.**

**A.**     **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 23). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 23). Plaintiff then requested an administrative

---

[1] Michelle King is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Michelle King should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

hearing (Tr. 23). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 23). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 20–30). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.      Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1958, claimed disability beginning October 13, 2020 (Tr. 30, 229). Plaintiff obtained three years of college education (Tr. 270–71). Plaintiff's past relevant work experience included work as a security guard (Tr. 271). Plaintiff alleged disability due to back problems (Tr. 270).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2024, and had not engaged in substantial gainful activity since October 13, 2020, the alleged onset date (Tr. 25). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: Degenerative Disc Disease of the Cervical and Lumbar Spine and Obesity (Tr. 25). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 26). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

light work as defined in 20 C.F.R. § 404.1567(b) except he is able to do the following: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for approximately 6 hours per 8-hour workday and sit for approximately 6 hours per 8-hour workday with normal breaks; occasionally perform postural activities such as climbing ladders, ropes or scaffolds, climbing ramps or stairs, balancing, stooping, kneeling, crouching and crawling (Tr. 26). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 27).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff can perform his past relevant work as a security guard (Tr. 29). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period

of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings,

no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to account for the "total limiting effects" of Plaintiff's impairments. Specifically, Plaintiff argues that the ALJ's analysis of Dr. Gruber's medical opinion was not supported by substantial evidence and that the ALJ's analysis of Plaintiff's statements was deficient. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### A. The ALJ's Analysis of Dr. Gruber's Opinion Evidence Is Supported by Substantial Evidence

Plaintiff first argues that the ALJ's rejection of Dr. Gruber's opinion evidence was improper. Dr. Gruber, Plaintiff's treating physician, submitted a medical opinion regarding Plaintiff's impairments that indicated Plaintiff could not lift or carry more than 10 pounds, could not stand/sit/walk for more than 30 minutes at a time, and could never bend, squat, stoop, or kneel (Tr. 27, 415). The ALJ found Dr. Gruber's opinion unpersuasive because it was not "fully consistent with, nor supported by the medical evidence which supports lesser restrictions than Dr. Gruber provided" (Tr. 27). Plaintiff argues that the ALJ used "highly selective" reasoning by relying on normal exam findings while ignoring findings that do support greater restrictions (Doc. 10, at 13).

When considering medical opinions, adjudicators do not defer to any medical opinion or prior administrative findings. 20 C.F.R. § 404.1520c(a). Rather, ALJs evaluate the persuasiveness of the medical opinion using five factors: supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* §§ 404.1520c(c)(1)–(5). Supportability and consistency are the most important factors, and the ALJ must explain how they considered these factors in the determination or decision. *Id.* § 404.1520c(b)(2). "Supportability" refers to the relevance of the objective medical evidence and supporting explanations offered by a medical source in support of their opinions. *Id.* § 404.1520c(c)(1). "Consistency" refers to how consistent the statement is with the evidence from other medical and nonmedical sources in the claim. *Id.* § 404.1520c(c)(2).

In reaching his determination that Dr. Gruber's opinion was unpersuasive, the ALJ properly compared Dr. Gruber's medical opinion to other record evidence (*See* Tr. 27–29). Specifically, the ALJ noted that Plaintiff was not taking any pain medications at the time of the opinion, maintained good musculoskeletal strength at multiple follow-up visits, had normal gait and no need for an assistive device for ambulation despite being put on restricted activities, and exhibited a negative straight leg raising test (Tr. 27–28). Additionally, the ALJ compared the medical opinion to conflicting evidence in the form of treatment notes from Florida Pain Medicine showing normal gait and no assistive devices, independence in activities of daily living, and normal strength in his extremities (Tr. 28).

Further, the ALJ assessed the medical opinion of state agency physician Phillip Matar using the criteria of supportability and consistency and found it to be persuasive (Tr. 29). Dr. Matar opined that Plaintiff was capable of light exertion with postural limitations, an opinion the ALJ found was supported by the objective imaging and physical examinations that showed some abnormality in Plaintiff's lumbar spine (Tr. 29). The ALJ properly considered Dr. Gruber's opinion in accordance with the applicable regulations, and his finding that Dr. Gruber's opinion was unpersuasive and that the more recent State agency consultant's determination was persuasive is supported by substantial evidence. Thus, remand is improper based on this argument.

### B. The ALJ's Treatment of Plaintiff's Statements Was Proper

Plaintiff next argues that the ALJ improperly evaluated Plaintiff's statements. Specifically, Plaintiff takes issue with the ALJ's analysis of Plaintiff's conservative treatment, activities of daily living, and work history as they relate to Plaintiff's subjective symptom complaints. After considering the entire record, the ALJ determined that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" (Tr. 27).

In determining the extent to which symptoms, such as pain, affect a claimant's ability to perform basic work activities, ALJs consider a claimant's statements about the intensity, persistence, and limiting effects of their symptoms in relation to the objective medical and other evidence. 20 C.F.R. § 404.1529(c)(4). Factors relevant to a claimant's symptoms include the following: daily activities; location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of any medication taken; treatment, other than medication, received for relief of pain or other symptoms; any other measures used to relieve pain; and other factors concerning functional limitations and restrictions due to pain or other symptoms. *Id.* §§ 404.1529(c)(3)(i)–(vii). When an ALJ discredits a claimant's subjective symptom complaints, "the question is not . . . whether [the] ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, when the ALJ assessed Plaintiff's statements, he found "the claimant has physical impairments which impose some work-related limitations, but not to the extent alleged, and, certainly not to the extent as to preclude the performance of all work-related activities" (Tr. 29). Specifically, the ALJ found that Plaintiff's impairments were being adequately and effectively managed by the conservative treatment he had been receiving and that claimant's physicians did not indicate surgery was necessary (Tr. 28). Further, the ALJ highlighted that Plaintiff once went several months without any pain medication, and no exacerbations requiring hospitalizations were necessary during that period (Tr. 28). Despite Plaintiff's claims that he "failed" conservative treatment or that he only stopped taking medication for financial reasons, the ALJ still properly considered the lack of more aggressive treatment as one factor in assessing his subjective symptom complaints. 20 C.F.R. §§ 404.1529(c)(3)(iv)–(v); *see Barrett v. Shalala*, 38 F.3d 1019. 1023–24 (8th Cir. 1994) (finding that the ALJ properly noted that the claimant's minimal treatment was inconsistent with his claims of disabling pain). Additionally, the ALJ properly considered Plaintiff's independence in his activities of daily living as another factor that counters his subjective symptom complaints. *See* 20 C.F.R. § 404.1529(c)(3)(i); *Hoffman v. Astrue*, 259 F. App'x 213, 219 (11th Cir. 2007) ("Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all.") (internal citation omitted).

Finally, Plaintiff argues that the ALJ failed to account for Plaintiff's "exemplary work history" in his credibility finding. Plaintiff concedes that his strong work history does not necessarily entitle him to enhanced credibility, only that the ALJ was required to consider it. Applicable regulations state that in making credibility determinations, "we will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your medical sources, and observations by our employees and other persons." 20 C.F.R. § 404.1529(c)(3). Plaintiff relies upon *Lafond v. Comm'r of Soc. Sec.*, No. 6:14-cv-1001-Orl-DAB, 2015 WL 4076943 (M.D. Fla. July 2, 2015), for the proposition that the ALJ's failure to discuss Plaintiff's 42-year work history is reversible error. In *Lafond*, however, the court expressly noted that the Eleventh Circuit "has not had occasion to rule on the issue" and relied on other circuit court rulings. *Id.* at *9. Other cases within the Middle District of Florida have upheld an ALJ's credibility analysis even without a work history consideration. *See, e.g.*, *Link v. Comm'r of Soc. Sec.*, No. 2:19-CV-564-FTM-MRM, 2020 WL 13413695, at *7 (M.D. Fla. Aug. 5, 2020) (declining to follow the reasoning of the *Lafond* case); *Miller v. Comm'r of Soc. Sec.*, No. 3:19-CV-466-J-MAP, 2020 WL 1466761 (M.D. Fla. Mar. 26, 2020) (collecting cases upholding the ALJ's credibility analysis). Here, the ALJ articulated a credibility finding that substantial evidence supports by comparing Plaintiff's subjective symptom complaints against evidence across the entire record; therefore, the Court finds remand improper based on this argument.

## IV.

Accordingly, for the foregoing reasons, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 11th day of February 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record